IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALTADIS U.S.A. INC., a Delaware
corporation; ALTADIS RETAIL
CORPORATION, a Delaware
corporation; CUBAN CIGAR
BRANDS, N.V., a Netherlands
Antilles corporation; and MAX
ROHR, INC., a Delaware corporation,         CASE NO.: 02-23124-CIV-UNGARO-BENAGES

     Plaintiffs,

vs.

TABACALERA CUBANA CORP.,
a Florida corporation, TABACALERA
POPULAR CUBANA, INC., a
Florida corporation, CUBAN REPLICA
CIGAR CO., a partnership, proprietorship
or other business entity, PEDRO F.
GOMEZ, JOEL A. GOMEZ, EDEL GOMEZ,
DAIN INMAN and LEO GUTIERREZ

     Defendants.
_____/

## MOTION FOR PROCEEDINGS SUPPLEMENTARY AND
## INCORPORATED MEMORANDUM OF LAW

Plaintiffs/Judgment Creditors, CUBAN CIGAR BRANDS, N.V. ("CCB") and MAX ROHR, INC. ("Max Rohr") (collectively, the "Judgment Creditors"), pursuant to Fed. R. Civ. P. 69(a) and Fla. Stat. § 56.29, hereby file this Motion for Proceedings Supplementary and Incorporated Memorandum of Law, and in support thereof, state:

### I. INTRODUCTION

1.    Judgment Creditors CCB and Max Rohr currently hold a judgment against Defendant/Judgment Debtors Tabacalera Cubana Corp. ("Tabacalera"), Tabacalera Popular Cubana, Inc. ("Popular"), Cuban Replica Cigar Co. ("Replica"), Pedro F. Gomez ("Pedro"), Joel A. Gomez ("Joel") and Edel Gomez ("Edel") (collectively, the "Judgment Debtors") in the

amount of $900,000.00.  Through this Motion, CCB and Max Rohr seek an Order granting Proceedings Supplementary against the Judgment Debtors in order to direct the United States Marshall to seize certain trademarks, trademark registrations and the inventory and goodwill associated therewith in the name of Popular, one of the Judgment Debtors herein as well as the inventory of the other Judgment Debtors bearing the trademarks.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

2. On November 26, 2003, CCB and Max Rohr obtained a Final Judgment for damages and permanent injunction against the Judgment Debtors in the amount of $900,000.00 awarded as follows:

   a. $600,000.00 from all Judgment Debtors jointly and severally in favor of CCB; and

   b. $300,000.00 from all Judgment Debtors jointly and severally in favor of Max Rohr.

3. A Judgment Lien Certificate was filed and issued by the Florida Secretary of State on March 25, 2008 and amended on March 26, 2008 against the Judgment Debtors in favor of CCB.  Copies of the CCB Judgment Lien Certificate and Amended Judgment Lien Certificate are attached hereto as Composite Exibit "A."

4. A Judgment Lien Certificate was filed and issued by the Florida Secretary of State on March 26, 2008 against the Judgment Debtors in favor of Max Rohr.  A copy of the Max Rohr Judgment Lien Certificate is attached hereto as Exibit "B."

5. Writs of Execution in favor of both CCB and Max Rohr have been issued, and remain valid, unsatisfied and are outstanding.  Copies of the Writs of Execution in favor of CCB and Max Rohr are attached hereto as Composite Exhibits "C" and "D" respectively.

6. CCB and Max Rohr understand that a viable asset of Popular and possibly Pedro, Joel and Edel are certain trademarks, trademark registrations, and the inventory and goodwill associated therewith, specifcally: the "POPULAR" trademark and U.S. Registration No. 3,149,225 issued by the U.S. Patent and Trademark Office on September 26, 2006; the "TABACALERA CUBANA CUBA 1913 REAL FABRICA DE TABACOS TABACALERA POPULAR CUBANA and Design" trademark and U.S. Registration No. 2,509,096 issued by the U.S. Patent and Trademark Office on Novemeber 20, 2001; and the "POPULAR and Design" trademark and U.S. Registration No. 3,409,586 issued by the U.S. Patent and Trademark Office on April 8, 2008 (collectively, the "POPULAR Trademarks"). Popular is listed as the owner of the POPULAR Trademarks.

7. Pursuant to Fla. Stat. § 56.29, CCB and Max Rohr are entitled to Proceedings Supplementary, and an Order from the Court directing the U.S. Marshall to seize the POPULAR Trademarks, trademark registrations, and the inventory and goodwill associated therewith as a matter of law. Pursuant to § 56.29(1), an Affidavit stating that the execution is valid and outstanding and that CCB and Max Rohr are entitled to Proceedings Supplementary has been properly filed and is attached hereto as Exhibit "E." In addition, a proposed Order directing the Judgment Debtors to appear before this Court or a designated Magistrate to be examined at a time and date specified by this Court concerning their assets, and to show cause why the U.S. Marshall shall not seize the POPULAR Trademarks, trademark registrations and the inventory and goodwill associated therewith, to be applied toward the satisfaction of the Final Judgment is attached hereto as Exhibit "F."

8. As a result of the foregoing, the Judgment Creditors are entitled to Proceedings Supplementary as a matter of law, including the recovery of costs and attorneys' fees pursuant to Fla. Stat. § 56.29(11).

### III.  INCORPORATED MEMORANDUM OF LAW

A. **Proceedings Supplementary**

Proceedings Supplementary is a post-judgment remedy by which a creditor may summarily discover and subject property belonging to a debtor to the satisfaction of his judgment. Proceedings Supplementary not only enables the judgment creditor to discover the assets subject to his judgment, but also allows the judgment creditor to subject these assets to his judgment by use of summary proceedings. *See, generally*, *Proceedings Supplementary*, in Vol. 1, JUDGMENT ENFORCEMENT IN FLORIDA, 3 (Lorman Education Services, 2007). The proceedings are governed by Section 56.29, Fla. Stat (2007).

Proceedings Supplementary are entirely statutory in nature.  Yet, courts generally interpret the statute broadly and liberally to afford a judgment creditor the most complete relief possible in satisfying his judgment. *See Bleidt v. Lobato*, 664 So.2d 1074 (Fla. 5th DCA 1995); *Neff v. Adler*, 416 So.2d 1240 (Fla. 4th DCA 1982); *Puzzo v. Ray,* 386 So.2d 49, 50 (Fla. 4th DCA 1980).  For instance, § 56.29(9) allows the Court to enter any order required to carry out the purpose of the statute to subject property, or property rights of any defendant to execution.

Proceedings Supplementary is an effective tool for discovering a debtor's property once it is determined that the debtor currently does not have assets in his possession to satisfy a creditor's judgment.  For example, once a judgment debtor's assets are discovered, Proceedings Supplementary may be used to set aside fraudulent transfers of the debtor's property to third persons.  A court may use Proceedings Supplementary to pierce the corporate veil and reach

corporate assets in the hands of individual stockholders. *See Allied Indus. Int'l., Inc. v. AGFA-Gevaert, Inc.*, 688 F.Supp. 1516 (S.D. Fla. 1988), *aff'd.*, 900 F.2d 264 (11th Cir. 1990). A court may also reach a debtor's assets in the hands of a successor corporation under the theory of successor liability, *i.e.*, mere continuation, de factor merger, alter ego or fraudulent transfer.[1] *See Amjad Munim, M.D., P.A. v. Azar*, 648 So.2d 145 (Fla. 4th DCA 1995). Most importantly, Proceedings Supplementary is used to reach equitable assets that are not subject to levy under a writ of execution such as promissory notes, accounts receivable, choses in action, and, for purposes of this motion, intellectual property such as trademarks. *Continental Cigar Copr. V. Edelman & Co.* 397 So.2d. 957 (Fla. 3d DCA 1981).

In order to initiate Proceedings Supplementary, a judgment creditor need only allege by affidavit that it holds an unsatisfied writ of execution, that the execution remains valid and outstanding, and that the judgment creditor is entitled to Proceedings Supplementary to Execution. §56.29(1), Fla. Stat. While simple to employ, the implications of Proceedings Supplementary are far reaching. Indeed, a judge may order any property of a judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt. § 56.29(5). A Court may, in its discretion, enter any Order required to carry out the purpose of Proceedings Supplementary to subject property or property rights of any defendant to execution. § 56.29(9).

### B.   Judgment Creditors are Entitled to Proceeding Supplementary

Judgment Creditors are entitled to Proceedings Supplementary as a matter of law for an order directing the U.S. Marshall to seize the POPULAR Trademarks, trademark registrations,

---

[1] Proceedings Supplementary may also be used to secure, seize and sell corporate stock that is owned by the judgment debtor. *See J.N. Laliotios Eng'g. Constr., Inc. v. Mastor*, 600 So.2d 1271 (Fla. 2d DCA 1992). It may also be used to enter injunctive relief to enjoin a transfer of assets that would amount to fraud upon the judgment creditor, *see Tabet v. Tabet*, 644 So.2d 557 (Fla. 3d DCA 1994), and to have a receiver appointed to take possession of the debtor's property. *See Warshall v. Price*, 617 So.2d 751.

and the inventory and goodwill associated therewith, in the name of Popular, one of the Judgment Debtors herein as well as the inventory of any of the Judgment Debtors bearing any of the POPULAR Trademarks.  Max Rohr and CCB have filed the appropriate affidavit with this Court stating that Writs of Execution have been issued, the executions remain valid and outstanding, and that the judgment creditors are entitled to Proceedings Supplementary to Execution.  *See* Exhibit "E."  Nothing else is required in order to obtain an Order for Proceedings Supplementary.  *See Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla 4th DCA 1994); *Rosenfeld v. T.P.I. Int'l Airways*, 630 So.2d 1167, 1168 (Fla. 4th DCA 1993); *Continental Cigar Corp.*, 397 So.2d at 958.

### C.  Proceedings Supplementary May be Used to Seize Popular's Trademarks

As set forth above, Proceedings Supplementary may be used to seize intellectual property, such as trademarks.  Here, Judgment Creditors seek to use Proceedings Supplementary to seize the POPULAR Trademarks, trademark registrations, and the inventory and goodwill associated therewith in the name of Popular, to partially satisfy their Final Judgment against the Judgment Debtors.  In *Continental Cigar Corp.,* the Florida Third District Court of Appeal affirmed a trial court's order granting summary judgment in Proceedings Supplementary which held that certain trademark rights held in a third party's name were in reality an asset of the judgment debtor.  As a result, the trial court entered an order requiring the third party to quit claim the trademarks to the judgment debtor, and reserved jurisdiction to appoint a receiver over the judgment debtor.  *Continental Cigar Corp.,* 397 So.2d at 957.  The Court also entered an injunction enjoining the third party from further use of the trademark.  The Third District Court of Appeal affirmed the trial court's actions in all respects.  *Id.*

In the instant case, the POPULAR Trademarks are currently in the name of Popular, a Judgment Debtor herein, so Judgment Creditors do not need to implead a third party into the proceedings at this time.  However, Proceedings Supplementary is still necessary because Judgment Creditors will ultimately require an order from this Court directing the U.S. Marshall to seize the POPULAR Trademarks, trademark registrations, and the inventory and goodwill associated therewith from the United States Patent and Trademark Office and from the Judgment Debtors themselves.  Judgment Creditors may also require a receiver and an injunction enjoining Popular and/or any of the other Judgment Debtors from further use of the POPULAR Trademarks in question, but such requests are premature at this time.

As a result of the foregoing, Judgment Creditors respectfully request that this Court enter an Order granting the following relief: (a) granting Proceedings Supplementary pursuant to Fla. Stat. § 56.29; (b) directing the Judgment Debtors to appear before this Court or a designated Magistrate to be examined in Miami-Dade County at a time and date specified by this Court concerning their assets, and to show cause why the U.S. Marshall shall not seize the POPULAR Trademarks, trademark registrations, and the inventory and goodwill associated therewith from the U.S. Patent and Trademark Office and from the Judgment Debtors themselves, to be applied toward the satisfaction of the Final Judgment; and (c) granting Judgment Creditors their costs for these Proceedings Supplementary, as well as other reasonable and just incidental costs, as well as reasonable attorneys' fees against the Judgment Debtors pursuant to § 56.29(11).  *See* Exhibit "F."

## IV.  CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he has conferred with the Judgment Debtors' counsel, Nicolas Jesus Gutierrez, Jr., Esq., about the matters raised in this motion.  Mr. Gutierrez advises that he has lost touch with the Judgment Debtors and no longer represents them.  The undersigned then spoke to Pedro Gomez, through an interpreter, as corporate repesentative of Popular. Mr. Gomez states that he will not agree to the relief set forth in this Motion.

WHEREFORE, Plaintiffs/Judgment Creditors, CUBAN CIGAR BRANDS, N.V. and MAX ROHR, INC. respectfully request an Order granting Proceedings Supplementary in the form attached hereto as Exhibit "F", costs and attorneys' fees pursuant to § 56.29(11), and that the Court grant such other and further relief deemed just and proper.

    Respectfully submitted,

    KLUGER, PERETZ, KAPLAN & BERLIN, P.L.
    Attorneys for Petitioner/Judgment Creditors
    201 South Biscayne Boulevard, 17th Floor
    Miami, Florida 33131
    Telephone: (305) 379-9000
    Facsimile: (305) 379-3428

    By:     /s/ Jason S. Oletsky
          Jason S. Oletsky, Esq.
          Fla. Bar No. 009301

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of April 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

        /s/ Jason S. Oletsky
        Jason S. Oletsky

## SERVICE LIST

**Nicolas Jesus Gutierrez, Jr.**
Borgognoni & Gutierrez
2665 S Bayshore Drive
Suite 701, Miami, FL 33133
305-860-2060
Fax: 860-2068

And by certified mail, return receipt requested to:

Tabacalera Popular Cubana, Inc.
12745 SW 72nd Terrace
Miami, FL 33183

Pedro F. Gomez
12745 SW 72nd Terrace
Miami, FL 33183

Joel A. Gomez
619 SW 28th Terrace
Cape Coral, FL 33914

Edel Gomez
619 SW 28th Terrace
Cape Coral, FL 33914